UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT D. SANGO,

        Plaintiff,        Case No. 1:15-cv-365

v.        Honorable Robert J. Jonker

UNKNOWN BURNS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and state law. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Watkins. The Court will serve the complaint against Defendant Burns.

**Discussion**

I.   Factual allegations

Plaintiff Robert D. Sango is incarcerated with the Michigan Department of Corrections (MDOC) at Ionia Correctional Facility (ICF). Defendants are correctional officers at ICF: Officer (unknown) Burns and Officer (unknown) Watkins.

According to the complaint, on March 30, 2015, Plaintiff heard a loud voice announce to the unit, "We are offering $400.00 in whatever you want . . . for whoever sends one of their homies to [Plaintiff's mother's address] and gang rapes the Bitch there." (Compl. at 2, docket #1, Page ID#2.) An hour later, Defendant Burns came to Plaintiff's cell and stated that, if Plaintiff did not drop his civil litigation within two days, Burns would take Plaintiff to the day room, taser him until he passed out, and then hang him. (*Id.*) Plaintiff stated that he would notify the court immediately, and he asked Burns, "What about my mother?" (*Id.*) Burns responded, "[We'll] see, I might want a piece of that, we're friends now aren't we." (*Id.*)

As relief, Plaintiff seeks (1) a declaratory judgment that "acts and omissions, which have become a part of the culture of the MDOC, due to failed oversight, to allow officers violate prisoners (especially the mentally ill) with impunity, then destroy them when they speak up"; (2) an injunction to "remove [him] from the jurisdiction of the MDOC" because he has been stabbed by a prisoner at the direction of prison staff, and prison officers have assaulted him, attempted to kill him by poisoning his food, and threatened to murder him; and (3) damages. (*Id*. at 2-3)

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

- 3 -

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Officer Watkins

Plaintiff does not mention Defendant Watkins in the allegations of the complaint, and it is not clear why he has been named as a defendant in this action. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). In the absence of any allegations mentioning Defendant Watkins, Plaintiff does not state a claim against him.

### B.  Officer Burns

Upon review, the Court concludes that Plaintiff states a retaliation claim against Defendant Burns.  Thus, the Court will serve the complaint against him.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Watkins will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendant Burns.

An Order consistent with this Opinion will be entered.


Dated:      May 4, 2015                     /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        UNITED STATES DISTRICT JUDGE