UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO,

        Plaintiff,

v.

UNKNOWN BURNS, *et al.*,

        Defendants.
_____/

Case No. 1:15-cv-365

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a *pro se* action brought by a state prisoner in the custody of the Michigan Department of Corrections (MDOC). Corrections Officer (CO) Kevin Burns is the sole remaining defendant. This matter is now before the Court on defendant's motions for summary judgment (ECF No. 41) and to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) (ECF No. 47).

**I.    Discussion**

When plaintiff filed this action, he was incarcerated at the Ionia Correctional Facility. *See* Compl. (ECF No. 1). He was released from prison some time after that date, and provided the Court with addresses in Albion, Michigan, in February and April 2017 (ECF Nos. 42 and 46). Plaintiff's most recent change of address notification was filed in 10 cases pending in this district: 1:14-cv-345, 1:15-cv-356, 1:15-cv-358, 1:15-cv-365. 2:15-cv-100, 2:15-cv-104, 2:15-cv-105, 2:15-cv-106, 2:15-cv-136, and 2:16-cv-18. *See* Change of Address (ECF No. 46).[1]

In his motion to dismiss, defendant has advised the Court that plaintiff is now classified by the MDOC as an absconder from parole, having absconded on or about May 3, 2017.

---

[1] The Court notes that Sango has filed 38 cases in this district in the past five years.

*See* MDOC Offender Tracking Information System (ECF No. 48-2). Fed. R. Civ. P. 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." W.D. Mich. LCivR 41.1.

The record reflects that plaintiff has absconded from parole and his whereabouts are unknown. By taking this action, plaintiff has abandoned this lawsuit. Accordingly, pursuant to Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41.1, this action should be dismissed for lack or prosecution.

## II. Recommendation

For these reasons, I respectfully recommend that defendant's motion to dismiss for lack of prosecution (ECF No. 47) be **GRANTED**, that defendant's motion for summary judgment (ECF No. 41) be **DENIED** as moot, and that this action be **DISMISSED**.

Dated: August 1, 2017  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).